UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **RAYMOND TANNER**, <br> c/o John H. Forg, Attorney <br> P.O. Box 72 <br> West Chester, Ohio 45071, <br><br> Plaintiff, <br><br> vs. <br><br> **JENNIFER MUENCH-McELFRESH** <br> Common Pleas Court, Butler County <br> 315 High Street, 4th Floor <br> Hamilton, Ohio 45011, <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Case No.: _____ <br><br> Judge _____ <br><br><br><br><br><br><br><br> **PETITION FOR** <br> **WRIT OF HABEAS CORPUS** |

*NOW COMES* petitioner Raymond Tanner, by and through counsel, and for his Petition for a Writ of Habeas Corpus avers the following:

### Parties

1. Petitioner RAYMOND TANNER ("Tanner") is an individual under commitment to the Court of Common Pleas, Butler County, Ohio, pursuant to Ohio R.C. §2945.401, imposed by said court in <u>State of Ohio v. Raymond Tanner</u>, Case No. CR90-02-0169.

2. Respondent JENNIFER MUENCH McELFRESH ("McElfresh") is the Judge in the Court of Common Pleas, Butler County, Ohio, currently assigned to Case No. CR90-02-0169.

### Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 2254. Tanner is currently being held in commitment under judgment of an Ohio state court and seeks relief as his continuing commitment violates his rights under the Due Process Clause of the

14th Amend., U.S. Constitution.

4. This Court has proper venue as Tanner's commitment is imposed under the Court of Common Pleas, Butler County, Ohio, in Hamilton, Ohio, within the Southern District of Ohio. 28 U.S.C. §2241(d).

**Procedural History**

5. On February 14, 1990, the Grand Jury for Butler County, Ohio, issued an Indictment for Aggravated Murder against Tanner. On June 21, 1990, the assigned judge, George H. Elliott, found Tanner to be Not Guilty by Reason of Insanity, pursuant to Ohio R.C. §2945.40, but ordered him committed to the Dayton Mental Health Center for treatment.

6. On December 27, 1996, after a full hearing in the matter and the recommendation of the reviewing psychologists, Judge Elliott determined that, while Tanner still showed some indicia of mental illness, applying the least restrictive setting, he could be granted Conditional Release but remain under commitment to be monitored by the Butler County Health Board, pursuant to Ohio R.C. §5122.15(D).

7. Under his Conditional Release, the Butler County Mental Health Board was to issue a biannual report of his condition, and the trial court to hold a review of his Conditional Release status and his compliance with the conditions of his release, pursuant to Ohio R.C. §2945.401(C). Should Tanner be deemed to no longer be mentally ill, his commitment must end, pursuant to Ohio R.C. §2945.401(J)(1)(a)-(c).

8. On November 2, 2017, the psychiatrist acting as Forensic Monitor for the Butler County Mental Health Board issued a report indicating that, with in a reasonable degree of psychological certainty, Tanner was no longer mentally ill and recommending that his commitment be terminated. Since then, two other psychiatrists have reviewed Tanner's condition, determined that he is no longer mentally ill, and agreed that his commitment should be terminated.

9. On March 15, 2018, and again on October 5 and 18, 2021, the reviewing Court of Common Pleas held its biannual review hearing in which, at each such hearing, each psychiatrist who had reviewed Tanner's mental health determined that he was no

longer mentally ill and recommended that his continuing commitment be terminated.  In each case, however, the trial court determined, based on its own  assessment of the evidence presented, that clear and convincing evidence existed that, based on the factors set forth in Ohio R.C. §2945.401(E), that Tanner still suffered from mental illness in complete disregard of the psychiatric testimony.  The Court of Common Pleas therefore denied his request to terminate his commitment and continued him on Conditional Release.

10. Tanner appealed the denial of his release, the determination of the trial court after the October 2021 biannual review of his condition, being Case No. CA21-12-0167, Court of Appeals,  12th District, Ohio.  On November 28, 2022, that court affirmed the determination that Tanner was mentally ill and the denial of his release.

11. Tanner then timely appealed to the Supreme Court of Ohio, being Case No. 2023-0040.  On March 17, 2023, that court declined to accept jurisdiction.

12. Tanner, in his current physical and mental condition, no longer suffers from insanity or mental illness as set forth in Ohio R.C. §§2945.40 *et seq.*

13. Tanner now petitions for a Writ of Habeas Corpus.  Tanner has not previously filed a Petition for a Writ of Habeas Corpus.

### Grounds for Relief and Exhaustion of Remedies

14. Tanner is no longer mentally ill and has been denied release from commitment under Due Process Clause of the 14th Amend., U.S. Constitution.

15. All grounds for relief raised in this petition have been presented to Ohio courts for their consideration and resolution.

### Request for Relief

*WHEREFORE*, for all the reasons set forth above, Tanner requests that this court:

A. Issue a Writ of Habeas Corpus to have him released from his unconstitutional commitment under Ohio R.C. §2945.40(C);

B. Serve a copy of this petition upon respondent and her counsel (Ohio Attorney General, 30 East Broad Street, 14th Floor, Columbus, Ohio  43215) by certified mail, in accordance with Habeas Corpus, Rule 4;

      C.      Require respondent to bring forward the entire record of state-court proceedings and to specify any proceeding in the case that has been reported but not transcribed;

      D.      Require respondent to file an Answer admitting or denying each factual allegation herein

      E.      Allow petitioner to conduct discovery and to expand the record relating to the issues raised herein

      F.      Conduct a hearing at which proof may be offered concerning the within allegations that respondent does not admit;

      G.      Allow petitioner time to brief the issues of law raised by this petition; and

      H.      Grant such other relief as this court may deem appropriate.

/s/ John H. Forg
**John H. Forg (0041972)**
Law Office of John H. Forg
P.O. Box 72
West Chester, Ohio  45071
phone: (513) 379-5205
email: johnhforg@gmail.com

Attorney for Petitioner
Raymond Tanner