# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RAYMOND TANNER,

        Petitioner,        :        Case No. 1:24-cv-114

  - vs -        District Judge Douglas R. Cole
        Magistrate Judge Michael R. Merz

DANIEL HAUGHEY, JUDGE[1],    :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case pursuant to 28 U.S.C. § 2254 brought by Petitioner Raymond Tanner with the assistance of counsel. It is before the Court for decision on the Petition (ECF No. 1), the Amended State Court Record (ECF No. 15), and Respondent's Amended Return of Writ (ECF No. 12). Although Magistrate Judge Peter Silvain, to whom the case was originally referred, set a reply date of twenty-one days after the Return was filed, Petitioner has not filed a reply.

The Magistrate Judge reference in this case was transferred to the undersigned January 13, 2025, under authority of Amended General Order 22-05 to help balance the Magistrate Judge workload in the District (ECF No. 13). Thereafter the undersigned confirmed that the case was, from the perspective of both parties, ripe for decision (ECF No. 16).

---

[1] Judge Haughey is the Butler County Common Pleas Judge presently presiding over Petitioner's criminal case in that court. Pursuant to Fed.R.Civ.P. 25(a) and acting *sua sponte*, the Court hereby substitutes Judge Haughey for Judge Muench McElfresh as Respondent in this case and the caption is amended accordingly.

1

**Litigation History**

In 1990 Petitioner murdered his wife in their home by decapitating her. *State v. Tanner,* Case No. CA2021-12-167 (Ohio App. 12th Dist. 11/28/2022) at ¶ 2. As a result he was indicted for aggravated murder, pleaded not guilty by reason of insanity (NGRI). *Id.* He was found NGRI, apparently without opposition by the State, diagnosed with schizophrenia, paranoid type, found to be a mentally ill person subject to court order pursuant to Ohio Revised Code §§ 2945.40 and 5122.01, and committed to the Dayton Mental Health Center Forensic Unit for treatment. *Id.*

The cited Ohio statutes provide for periodic review of the continued supervision of those committed upon a verdict of NGRI. The State Court Record confirms that those have occurred over the period of years since Petitioner's initial commitment, resulting in a gradual reduction of the restrictions on Petitioner's liberty such that Petitioner is now only obliged to meet with a mental health professional once every four months to monitor his mental health. *Id.* at ¶ 5.

The most recent Common Pleas Court evaluation of Petitioner's conditions of release occurred on October 5 and 21, 2021. *Id.* at ¶ 11. The Twelfth District's opinion recounts at length the evidence presented on those occasions. *Id.* at ¶¶ 12-25. It notes that Tanner disrupted the proceedings, interrupting the prosecutor's examination of one of the psychologists with "I'm not on trial." *Id.* at ¶ 26.

After hearing the evidence, the trial judge, Respondent Haughey, declined to terminate court supervision of Petitioner. His decision was summarized by the Twelfth District as follows:

> ¶ 27 On November 30, 2021, the trial court issued a decision finding clear and convincing evidence that Tanner remains a mentally ill person subject to court order. The trial court therefore denied Tanner's request to terminate his commitment and continued his conditional release with the requirement that he engage in appointments with Idol once every four months. In reaching its

> decision, the trial court considered the testimony and 2020 reports from Drs. Fridman and O'Donnell, the testimony and 2021 report of Dr. Kukor, Dr. Fridman's 2015 report, and "'the entire history of Tanner's case' including testimony and reports entered into evidence at prior commitment review hearings," as allowed under R.C. 2945.401. See *Tanner,* 2019-Ohio-1193 at ¶ 26. The trial court also considered Tanner's angry outburst during Dr. Kukor's cross-examination. The court found that Tanner's "disturbing and erratic behavior" was evidence of his lack of insight into his illness and reminiscent of prior evaluations during which Tanner referred to the offense as an incident or mishap, did not feel particularly guilty about the offense, and instead was irritated he had to go through court hearings because this was over and done.

*Tanner, supra,* ¶ 27.

Tanner appealed and the Twelfth District affirmed in the opinion cited above.  Tanner then sought review in the Ohio Supreme Court, but that court declined to exercise jurisdiction (Entry, State Court Record, ECF No. 15, Ex. 13).  Tanner then filed his Petition in this case pleading one ground for relief:

> **Tanner is no longer mentally ill and has been denied release from commitment under [the] Due Process Clause of the 14th Amend., U.S. Constitution.**

(Petition, ECF No. 1, PageID 3).

## Analysis

The Court reads Tanner's Petition as asserting that because he is not presently mentally ill, he is entitled by virtue of the Due Process Clause to release from the condition imposed on him by the Butler County Court of Common Pleas, meeting every four months with a mental health professional to monitor his condition.

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780

(1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring). Tanner's Petition plainly states a claim under the Due Process Clause of the Fourteenth Amendment.

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

A claim is fairly presented if the petitioner

> (1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law.

*Hand v. Houk,* 871 F.3d 390, 418 (6th Cir. 2017).

On appeal to the Twelfth District, Tanner raised only one assignment of error: the trial court erred in finding that Appellant Raymond Tanner remained mentally ill and subject to court order (Appellant's Brief, State Court Record, ECF No. 15, Ex. 7, PageID 713). In arguing this

4

Assignment, Tanner relied on both federal and state case law.

First of all he relied on *Jones v. United States*, 463 U.S. 354 (1983). There the Supreme Court affirmed an order of the Superior Court of the District of Columbia which continued the hospital confinement of a person found NGRI, holding "the due process clause permitted the Government, on the basis of the insanity judgment, to confine him to a mental institution until such time as he had regained his sanity or was no longer a danger to himself or society." Jones had been charged with petty theft, a crime punishable by imprisonment for up to one year. Under federal law at the time, the burden of proof of NGRI was on a defendant by a preponderance of the evidence. The Court reaffirmed its decision in *Addington v. Texas,* 441 U.S. 418 (1979), that an NGRI acquittee could be confined longer than the possible maximum term of imprisonment for the underlying offense because he was not being punished, but confined for treatment and to protect society.

Next Tanner relied on *Foucha v. Louisiana*, 508 U.S. 71 (1992)[2], in which the Supreme Court held it was a violation of due process for Louisiana to continue the commitment of an insanity acquittee "on [the] basis of his antisocial personality, after a hospital review committee had reported no evidence of mental illness and recommended conditional discharge." Justice White based the decision on "the substantive component of the Due Process Clause [which] bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Foucha* at 72, citing *Zinermon v. Burch*, 494 U.S. 113, 125 (1983).

In *Levine v. Torvik*, 986 F.2d 1506 (6th Cir. 1993), also cited in Tanner's appellate brief, the Sixth Circuit upheld a grant of habeas relief from this Court. The circuit court in turn relied on *In re Burton,* 11 Ohio St. 3d 147 (1984), where the Ohio Supreme Court held

> Ohio statutes regarding court-ordered hospitalization . . . mean that

---

[2] The decision in *Foucha* is quite narrow, with only five Justices concurring in Parts 1 and 2 of Justice White's opinion.

> a person subject to hospitalization must represent a substantial risk of physical harm to himself or other members of society at the time of the commitment hearing. *The individual's present mental state must be evaluated upon current or recent behavior as well as prior dangerous propensities* of the person. The General Assembly has ... provided the trial court with broad discretion to review the individual's past history in order to make a well-informed determination of his present mental condition.
>
> A court should apply a "totality of the circumstances" test in making this determination, considering:
>
>> (1) whether, in the court's view, the individual currently represents a substantial risk of physical harm to himself or other members of society; (2) psychiatric and medical testimony as to the present mental and physical condition of the alleged incompetent; (3) whether the person has insight into his condition so that he will continue treatment as prescribed or seek professional assistance if needed; (4) the grounds upon which the state relies for the proposed commitment; (5) any past history which is relevant to establish the individual's degree of conformity to the laws, rules, regulations and values of society; and (6) if there is evidence that the person's mental illness is in a state of remission, the court must also consider the medically suggested cause and degree of the remission and the probability that the individual will continue treatment to maintain the remissive state of his illness should he be released from commitment. The trial court is not limited to considering any of the above factors. The court may, in its discretion, consider other relevant evidence....
>
> *Id.* at 149–50.

*Levine* at 1512-13. Considering the case authority cited, the Magistrate Judge concludes Tanner fairly presented his due process claim to the Ohio courts.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011);

6

*Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000) *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The Twelfth District decided this case on the merits, reviewing the cited federal case law and the conflicts in the evidence before Judge Haughey. Tanner has not shown its decision was an objectively unreasonable application of *Jones, Fouchia*, or any other relevant Supreme Court precedent. Filing a reply would have been a principal opportunity to show contrary Supreme Court precedent, but Tanner did not file a reply.

Tanner's Petition focuses, as did his argument in his appeal brief, on the testimony of the three psychologists at the hearing. The Twelfth District noted the conflicts in that testimony on diagnosis and whether Tanner's mental illness was likely to recure, but one of them testified that for the most likely diagnosis, additional episodes were likely. The trial judge also found, based on the testimony, that Tanner was unlikely to engage in voluntary treatment and appeared to have little insight into his behavior.

The Magistrate Judge also notes that Judge Haughey was able to observe personally Tanner's erratic behavior. If a person who has committed as heinous a crime as decapitation of another human being cannot control his anger in order to behave properly during a court proceeding, surely his outburst is relevant.

As a matter of substantive due process, the Court must also consider the degree to which Petitioner's liberty has been restricted. It is one thing to be involuntarily committed to a lock-down mental health hospital and a different thing entirely to be required to see a mental health

7

professional four times a year. Considering the "totality of the circumstances," Tanner's deprivation of liberty is minimal compared with the harm he inflicted and could inflict again if he has another episode.[3]

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 30, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

---

[3] Tanner's theory that his killing of his second wife was caused by his reaction to a steroid injection is unsupported by any scientific evidence of record.