UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAYMOND TANNER,

      Petitioner,

    v.

THE HONORABLE DANIEL E. HAUGHEY,

      Respondent.

Case No. 1:24-cv-114

JUDGE DOUGLAS R. COLE
Magistrate Judge Merz

## ORDER

Before the Court is Magistrate Judge Merz's April 30, 2025, Report and Recommendation (R&R, Doc. 17), which recommends that the Court dismiss Petitioner Raymond Tanner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) because the state appellate court's merits decision did not unreasonably apply clearly established Supreme Court precedent and was not based on an unreasonable determination of the facts. For the reasons stated more fully below, and especially given the lack of objections, the Court **ADOPTS** the R&R (Doc. 17), and **DISMISSES** Tanner's Petition (Doc. 1) **WITH PREJUDICE**.

To start, the R&R advised Tanner that failing to object within fourteen days could result in a forfeiture of his right to the Court's de novo review of the R&R as well as his right to appeal this decision. (Doc. 17, #823); *see Thomas v. Arn*, 474 U.S. 140, 152–53 (1985); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) ("[F]ail[ure] to file an objection to the magistrate judge's R & R … [constitutes a] forfeiture."

(emphasis omitted)); 28 U.S.C. § 636(b)(1)(C). No party objected to the R&R within that fourteen-day window.

But the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that charge, the Court has reviewed the R&R and has determined that it does not contain any "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

This habeas petition arises from a tragic set of facts. In 1990, Tanner murdered his wife by decapitating her. (State Ct. R., Doc. 15, #750). The state court found him not guilty by reason of insanity on account of his schizophrenia diagnosis. (*Id.* at #429). The state court further declared him a mentally ill person subject to court order under Ohio Revised Code §§ 2945.40 and 5122.01. (*Id.* at #430). Tanner was therefore committed to the Dayton Mental Health Center Forensic Unit for treatment. (*Id.*).

From 1990 to 1996, Tanner remained committed but was periodically transferred to less restrictive facilities. *State v. Tanner*, 2022-Ohio-4224, ¶ 4 (12th Dist.). During that time, his diagnosis frequently changed, as treating psychologists and psychiatrists could not agree on a diagnosis. *Id.* That said, "major depressive disorder, single episode, severe with psychotic features" has been the "most accepted" diagnosis since 1996. *Id.* In 1996, Tanner was granted conditional release and re-entered the community. *Id.* ¶ 5.

2

Since his release, Tanner has appeared before the state trial court every two years for periodic reviews of his release status and conditions of release. *Id.* Although the trial court has, over the years, decreased Tanner's conditional release requirements, it has repeatedly concluded that Tanner remains a mentally ill person subject to court order. *Id.* At this point, Tanner is required only to meet with a mental health professional once every four months. *Id.*

But Tanner believes the state trial court should terminate his commitment order altogether. Three psychologists' opinions are relevant to that belief. Start with Dr. Myron Fridman—a designee of the Department of Mental Health and Addiction and the forensic monitor for the Butler County Mental Health Board. *Id.* ¶ 6. In 2020, he submitted a report recommending that the state trial court terminate Tanner's commitment. *Id.* ¶ 7. Dr. Jennifer O'Donnell—the director of forensic services at the Forensic Evaluation Service Center—concurred in that recommendation. *Id.* ¶¶ 6, 8. Both agreed that Tanner no longer suffers from a severe mental illness or defect. *Id.* ¶¶ 7–8. A third court-retained psychologist, Dr. Terrance Kukor, independently analyzed Tanner, concluding that Tanner's "mental illness [was] in a state of remission" and would likely stay that way even if the state court altered the commitment conditions. *Id.* ¶¶ 9–10.

All three psychologists testified to those conclusions at Tanner's 2021 biennial review hearing. *Id.* ¶ 11.[1] Ultimately, though, the trial court found "clear and convincing evidence that Tanner remains a mentally ill person subject to court order."

---

[1] The Twelfth District's opinion affirming the trial court's decision not to terminate Tanner's commitment order thoroughly recounts the testimonies. *Tanner*, 2022-Ohio-4224, ¶¶ 11–26.

3

*Id.* ¶ 27. While the trial court considered the psychologists' reports and testimonies, it concluded that "the entire history of Tanner's case including testimony and reports entered into evidence at prior commitment review hearings," plus an angry outburst Tanner had during Dr. Kukor's cross-examination, indicated that Tanner was not ready for release from commitment. *Id.* (quoting *State v. Tanner*, 2019-Ohio-1193, ¶ 26 (12th Dist.)). Specifically, the trial court "found that Tanner's 'disturbing and erratic behavior' was evidence of his lack of insight into his illness and reminiscent of prior evaluations during which Tanner referred to the [murder] as an incident or mishap, did not feel particularly guilty about the offense, and instead was irritated he had to go through court hearings because this was over and done." *Id.*

The Ohio Twelfth District Court of Appeals affirmed, concluding that the state trial court's determination did not violate Tanner's due process rights. *Id.* ¶¶ 50–51. And the Ohio Supreme Court declined to exercise jurisdiction over Tanner's appeal. *State v. Tanner*, 204 N.E.3d 571 (Ohio 2023) (Table). So Tanner turned to the federal courts and filed this habeas petition, asserting one ground for relief: that he is "no longer mentally ill and has been denied release from commitment under [the] Due Process Clause of the 14th Amend., U.S. Constitution." (Doc. 1, #3).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "erects a formidable barrier to federal habeas relief" for individuals like Tanner. *White v. Plappert*, 131 F.4th 465, 476 (6th Cir. 2025) (quoting *Burt v. Titlow*, 571 U.S. 12, 19 (2013)). That's because the state court denied his claim on the merits, which means AEDPA's "relitigation bar" applies. *Id.* And clearing that bar is no easy task: Tanner

4

must prove either that the state court "contravened or unreasonably applied clearly established Supreme Court precedent," *id.* (citing 28 U.S.C. § 2254(d)(1)), or that the state court based its decision "on an unreasonable determination of the facts in light of the evidence presented," 28 U.S.C. § 2254(d)(2). Under the latter option—§ 2254(d)(2)—federal habeas courts must "accord the state trial court substantial deference." *Brumfield v. Cain*, 576 U.S. 305, 314 (2015).

After reviewing the R&R, the Court sees no error, much less clear error, in its determination that Tanner has not made the necessary showing. For one, Tanner has made *no* argument that the Twelfth District's decision was an objectively unreasonable application of, for example, *Jones v. United States*, 463 U.S. 354 (1983), or *Foucha v. Louisiana*, 504 U.S. 71 (1992)—cases on which Tanner relied in his state-court appeal. (Doc. 17, #820–22).²

For another, if Tanner meant to argue that the state court made unreasonable factual determinations (the petition is unclear about whether Tanner seeks relief under § 2254(d)(1) or (d)(2)), he likewise fails to make that showing. To be sure, Tanner's petition focuses primarily on the three psychologists' opinions that he is no longer mentally ill and that his commitment should be terminated. (Doc. 1, #2). But as the R&R explains, in finding that Tanner remains a mentally ill person subject to court order, the state trial judge considered the psychologists' testimonies. (Doc. 17, #822). He concluded that those testimonies both (1) conflicted on Tanner's diagnosis

---

² Tanner didn't bother filing a reply to Respondent's Return of Writ (Doc. 12), which, as the Magistrate Judge notes, "would have been a principal opportunity to show contrary Supreme Court precedent." (Doc. 17, #822).

5

and the likelihood of Tanner's mental illness recurring, and (2) suggested that Tanner was unlikely to engage in voluntary treatment if not under court order. (*Id.*). Plus, the trial judge "was able to observe personally Tanner's erratic behavior." (*Id.*). Given the significant deference a federal habeas court owes the state trial court under § 2254(d)(2), the Court cannot conclude that the state trial judge's determination or the Twelfth District's affirmance were "unreasonable." And Tanner offers no reason to conclude otherwise.

Accordingly, the Court **ADOPTS** the R&R (Doc. 17), and **DISMISSES WITH PREJUDICE** Tanner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). The Court also **DENIES** Tanner a certificate of appealability under 28 U.S.C. § 2253(c). Finally, the Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

**SO ORDERED.**

June 16, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**